UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD WHITEHORN, on behalf of himself and others similarly situated,

                Plaintiff,

v.

WOLFGANG'S STEAKHOUSE, INC. d/b/a/ WOLFGANG'S STEAKHOUSE AT PARK AVENUE, WOLF AT TRIBECA d/b/a/ WOLFGANG'S STEAKHOUSE AT TRIBECA, PETER ZWEINER and WOLFGANG ZWEINER,

                Defendants.

**MEMORANDUM & ORDER**

09 Civ. 1148 (LBS)

SAND, J.

      Plaintiff moves for an order compelling Defendants to produce putative class members' names, addresses and other information. Defendants oppose the instant motion on the grounds that the Court has yet to conditionally certify either a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, or a Rule 23 class action for Plaintiff's New York state law claims, *inter alia*.

**I.    Discussion**

      Plaintiff was formerly employed by Defendants as a tipped restaurant worker, and he alleges that Defendants violated New York and federal law when they failed to pay tipped workers the minimum wage and proper overtime compensation. Plaintiff brings his claims on behalf of himself and other similarly situated tipped employees as a yet-to-be-certified FLSA collective action and Rule 23 class action.

      Courts in this circuit follow a two-stage certification process for FLSA collective actions. *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *1

1

(S.D.N.Y. Feb. 2, 2006) (*citing Masson v. Ecolab, Inc.*, No. 04 Cv. 4488 (MBM), 2005 WL 2000133, at \*13 (S.D.N.Y. Aug. 17, 2005)).  The first stage, conditional certification, requires only a "modest factual showing" based on the "pleadings and affidavits" that the putative class members were "victims of a common policy or plan that violated the law."  *Morales*, 2006 WL 278154, at \*2 (*quoting Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Jackson v. New York Tel. Co.,* 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("[P]laintiffs need merely provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'") (citation omitted).  "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA."  *Morales*, 2006 WL 278154, at \*2 (*citing Hoffman,* 982 F. Supp. at 262).  If the plaintiff can make this initial showing, the court will conditionally certify the collective action and permit notice to be sent to putative class members.  The employer can then move to decertify at the second stage "if discovery reveals that the claimants are not similarly situated."  *Morales*, 2006 WL 278154, at \*2.

In pre-certification discovery, Plaintiff requested the name, last known address, last known phone number, and job position of every non-exempt tipped employee who worked for Defendants during the FLSA collective action limitations period.  (Pl.'s Mem. Ex. A 5.)  Defendants refused on the grounds that "Plaintiff ha[d] not made a *prima facie* showing" of the merits of his claims or the existence of similarly situated individuals.  (Pl.'s Mem. Ex. D 1.)

Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and is of] discoverable matter."  *Id.*  Nonetheless, "discovery, like all

matters of procedure, has ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and district courts are vested with "wide discretion in . . . [the] handling of pre-trial discovery" to police those boundaries. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (district court discovery rulings are reviewed for abuse of discretion) (citation and internal quotation marks omitted).

While some district courts have exercised this discretion to deny pre-certification disclosure of contact information,[1] the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases. *Fei v. WestLB AG*, No. 07 Civ. 8785 (HB) (FM), 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members. . . . Indeed, the information that Fei seeks obviously will be of considerable help to Fei in his efforts to define the class. . . . Furthermore, allowing Fei to discover the identity of potential opt-ins at an early stage may help the plaintiffs show that there are enough similarly-situated plaintiffs that the action should be conditionally certified."); *Morales*, 2006 WL 278154, at *3 ("In light of the remedial purpose of the FLSA and the Court's broad discretionary power, plaintiffs' motion for the names and addresses of Plantworks employees is granted"); *Flores v. Osaka Health SPA, Inc.*, No. 05 Civ. 962 (VM) (KNF), 2006 WL 695675, at *4 (S.D.N.Y. Mar. 16, 2006) ("The Court remains mindful of the remedial purpose of FLSA

---

[1] *See e.g.*, *Stephens v. Erosion Containment Mgmt., Inc*., No. 07 Civ. 1995, 2008 WL 2157095 (M.D. Fla. May 21, 2008); *Barton v. Pantry, Inc.,* No. 04 Civ. 748, 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006); *Crawford v. Dothan City Bd. of Educ.,* 214 F.R.D. 694, 695 (M.D. Ala. 2003) (discovery of contact information should only be allowed after a collective action has been conditionally certified); *see also Knutson v. Blue Cross and Blue Shield of Minnesota*, 254 F.R.D. 553, 558 (D. Minn. 2008) (disallowing discovery of contact information when plaintiff had already been provided with forty-three names and addresses, but noting that "this is not a case, for example, where a plaintiff has been given no access to contact information by the defendant and, because of her short tenure with her employer, she is unlikely to possess such information. An order compelling production might be appropriate in that situation, to give the plaintiff an opportunity to make the threshold showing that others seek to opt in to her case.").

and the broad discretionary power that the Court has.  Therefore, the Court will direct the defendants to disclose [employee contact information].").

Moreover, numerous cases in other districts have granted motions to compel disclosure of contact information on similar grounds.  *See, e.g.*, *Sedtal v. Genuine Parts Co.*, No. 08 Civ. 413, 2009 WL 2216593, at *7 (E.D. Tex. July 13, 2009) ("Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action. . . . Conversely, it may underscore inadequacies in the group of potential plaintiffs. . . . Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered."); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008) ("Collective actions under Section 216(b) necessitate a broader scope of discovery in order to identify similarly situated employees who may wish to opt-in to the suit."); *Morden v. T-Mobile USA, Inc.*, No. 05 Civ. 2112, 2006 U.S. Dist LEXIS 42047, at *6-7 (W.D. Wash. June 22, 2006) ("[P]rovisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class."); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003) (Pre-certification disclosure is "necessary for the plaintiff to properly define the proposed class.").

We agree with these courts' reasoning in allowing pre-certification discovery of employee contact information in FLSA suits.  Given the Supreme Court's direction that "the broad remedial goal of the [FLSA] should be enforced to the full extent of its terms," *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989), pre-certification discovery is appropriate to enable Plaintiff to define the class and identify similarly

situated employees.  *See, e.g.*, *Fei*, 2008 U.S. Dist. LEXIS 33310, at *5-6; *Morales*, 2006 WL 278154, at *3.  Pre-certification discovery of employee contact information will either enable Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification.  *Sedtal*, 2009 WL 2216593, at *7.  Additionally, early access to this information may allow Plaintiff to move for conditional certification earlier and potentially permit putative class members to opt-in earlier.  Encouraging early certification furthers the FLSA's broad remedial goal because the FLSA's "limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly."  *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659 (DLI) (MDG), 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006).[2]

Defendants protest that disclosure of employee information would violate the employees' right to privacy.  Courts considering such arguments in this context have considered "whether Plaintiffs have a compelling need for discovery, and if so, whether that need outweighs the privacy rights at issue."  *Acevedo*, 248 F.R.D. at 554 (*citing Wiegele v. FedEx Ground Package System,* No. 06 Civ. 1330, 2007 WL 628041, at *2 (S.D. Cal. 2007)).  Those courts have found that the plaintiff's "'need and due process right to conduct discovery' outweighed any privacy concerns of the putative plaintiffs."  *Acevedo*, 248 F.R.D. at 554 (*citing Wiegele*, 2007 WL 628041, at *2); *see also Donahay v. Palm Beach Tours & Transp., Inc.,* No. 06 Civ. 61279, 2007 WL 1119206, at *1 (S.D.

---

[2] Defendants cite *Dziennik*, a Rule 23 class action case, for the proposition that "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."  *Dziennik*, 2006 WL 1455464, at *1.  However, the *Dziennik* court then explained that FLSA cases are "easily distinguishable" because of the need to quickly identify opt-in plaintiffs.  *Id.* at *2.  Moreover, there is no indication in this case that Plaintiff and Plaintiff's counsel have anything but a good faith need for employee contact information for the purpose of establishing the propriety of conditional certification.

Fla. 2007); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003); *Held v. Nat'l Railroad Passenger Corp.,* 101 F.R.D. 420, 425 (D.D.C. 1984). The contact information requested does not implicate "more intimate privacy interests such as compelled disclosure of medical records and personal histories." *Acevedo,* 248 F.R.D. at 554 (*citing Wiegele,* 2007 WL 628041, at *2).

Additionally, the disclosure of putative class members' last known telephone numbers is appropriate to facilitate the speedy collection of data so that Plaintiff may quickly move for conditional certification and potentially begin the opt-in process. For that reason, we decline to follow *Colozzi v. St. Joseph's Hospital Health Center,* 595 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) and *Fengler v. Crouse Health Foundation, Inc.,* 595 F. Supp. 2d 189, 198 (N.D.N.Y. 2009), which granted disclosure of names and addresses but declined to compel production of telephone numbers on privacy grounds. *Cf. Khalilpour v. CELLCO P'ship,* No. 09 Civ. 2712, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) ("[T]he disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy.").

## II. Conclusion

For the foregoing reasons, Plaintiff's motion to compel Defendants to produce putative class members' names, addresses, and other information is granted.

SO ORDERED.

Dated: June 14, 2010
New York, NY

_____
U.S.D.J.