UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITEHORN, et al.,

                         Plaintiffs,

              v.

WOLFGANG'S STEAKHOUSE, INC., et al.,

                         Defendants.

09 Civ. 1148 (LBS)

**MEMORANDUM &
ORDER**

SAND, J.

On July 20, 2011, this Court certified Plaintiffs' class action for various New York Labor

Law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.  We further appointed

Plaintiffs' counsel as class counsel.  *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 275 F.R.D. 193

(S.D.N.Y. 2011).  Plaintiffs drafted a proposed Rule 23 notice and exclusion form, which

Defendants amended and returned.  Plaintiffs objected to certain of Defendants' amendments and

the parties engaged in further discussions—but to no avail.  Plaintiffs now seek court approval for

their notice of pendency of the above-captioned class action suit.

Plaintiffs are hereby ordered to revise their notice in accordance with this Memorandum

& Order and to submit it to the Court for approval within 5 days of this order.  Defendants will

have 3 days from the date of submission to object to the *revisions*, and to the revisions only.  If

Defendants fail to object, and this Court is satisfied with Plaintiffs' revisions, Plaintiffs' notice will

become final.

## I. Discussion

### a.  Subcaption

Defendants seek to add the capitalized words "this is different from other notices you

might have received previously" below the caption.  Opp'n to Pls.' Mot. Ct. Approval Notice of

Pendency ("Defendants' Opposition Brief"), at 2.  We agree with Defendants that the addition of

1

the words below Plaintiffs' proposed caption does not prejudice Plaintiffs and serves the goal of ensuring that recipients read the notice.  Besides, Plaintiffs have not objected.

### b.  Defendants' Position

We reject Defendants' proposal to include the details of their factual and legal counterarguments under the heading "Defendants' Position."  Defendants' Opposition Brief, Ex. C, at 1.  This is unnecessary and could well have the effect of discouraging class members from participating.  *Shajan v. Barolo*, No. 10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010).  The statement that "Wolfgang's denies that the Class Representatives' claims have merit and asserts various defenses against those claims," included in Plaintiffs' proposed notice, is clear, neutral and sufficient.  *See, e.g., In re Milos Litig.*, No. 08 Civ. 6666 (LBS), 2010 U.S. Dist. LEXIS 3038, at *8 (S.D.N.Y. Jan. 11, 2010) (approving for inclusion in the notice the statement "Milos denies that Plaintiffs' claims have merit, and they will assert various defenses against those claims.").

### c.  Contacting Defendants' Counsel

Defendants request that class members be notified that they may, if they wish, contact defense counsel regarding the case.  It is clear that defense counsel may not contact class members without the prior consent of either class counsel or this Court.  *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG), 2010 U.S. Dist. LEXIS 45549, at *4–10 (E.D.N.Y. May 10, 2010).  The reason, as the *Gortat* court explained, is that because class certification gives rise to an attorney-client relationship between potential class members and class counsel, defense counsel is bound by New York Rule of Professional Conduct 4.2(a) barring unauthorized *ex parte* communications between a lawyer and opposing parties.  *Id.*  While this rule explicitly prohibits defense counsel from contacting class members, it does not necessarily prohibit class members from contacting defense counsel.  Indeed, the inclusion of "contact information of counsel for Defendants as one source from whom potential plaintiffs could obtain information" has been explicitly approved by this

Court. *Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380 (LTS), 2009 U.S. Dist. LEXIS 40803, at *12 (S.D.N.Y. May 13, 2009). Plaintiffs are ordered to include language informing class members that: (1) they may, if they wish, contact defense counsel, but (2) they may only do so if they have asked, and received the approval of, class counsel.

### d. "Your Legal Rights and Options in this Lawsuit"

We are at a loss as to how Defendants have improved upon Plaintiffs' proposed version of this section of the notice. *Compare* Defendants' Opposition Brief, Ex. C at 2 (Defendants' version) *with* Defendants' Opposition Brief, Ex. D at 2–3 (Plaintiffs' version). Indeed, Defendants' tabulation of this section strikes this Court as unnecessarily complicating the information. As such, Plaintiffs' version is approved and Defendants' proposed amendments are rejected.

### e. Certified Mail

Defendants seek to have notice sent via certified mail. Defendants' Opposition Brief at 3. Plaintiffs object, arguing that first class mail is adequate. Plaintiffs have the better of the argument. *Wolfert v. Transamerica Home First, Inc.*, 439 F. 3d 165, 176 (2d Cir. 2006) (finding that "use of first-class mail to send a required notice has regularly been upheld"). Plaintiffs may mail the notice first class.

### f. Postcard

Defendants request that in order to make the opt-out process as simple as practical, the exclusion request form should be printed on a postcard. This, they argue, "could be more easily checked off and dropped in the mail than a piece of paper that must be mailed in a separate envelope." Defendants' Opposition Brief, at 3. Perhaps; but Defendants have presented this court with no legal support for their request, which, at the very least, will increase the cost of producing the notice and exclusion forms. Defendants' request is denied.

## II. Conclusion

3

Plaintiffs are hereby ordered to revise their notice in accordance with this Memorandum & Order and to submit it to the Court for approval within 5 days of this order.  Defendants will have 3 days from the date of submission to object to the *revisions*, and to the revisions only.  If Defendants fail to object, and this Court is satisfied with Plaintiffs' revisions, Plaintiffs' notice will become final.

**SO ORDERED.**

February 8, 2012
New York, N.Y.

U.S.D.J.

4